

2005 Decisions

Opinions of the United
States Court of Appeals
for the Third Circuit

10-11-2005

# Hannah v. City of Dover

Precedential or Non-Precedential: Non-Precedential

Docket No. 05-2422

Follow this and additional works at: http://digitalcommons.law.villanova.edu/thirdcircuit_2005

Recommended Citation

"Hannah v. City of Dover" (2005). *2005 Decisions.* Paper 432.
http://digitalcommons.law.villanova.edu/thirdcircuit_2005/432

This decision is brought to you for free and open access by the Opinions of the United States Court of Appeals for the Third Circuit at Villanova
University School of Law Digital Repository. It has been accepted for inclusion in 2005 Decisions by an authorized administrator of Villanova
University School of Law Digital Repository. For more information, please contact Benjamin.Carlson@law.villanova.edu.

**NOT PRECEDENTIAL**

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT

NO. 05-2422

MOZELL HANNAH, individually and as personal representative
of the Estate of Reginald L. Hannah; SHERRY CLARK, as parent and next friend of
Reginald L. Clark and Latonya Clark; CHRISTINE PERRY, as Legal Guardian and next
friend of Zackary Perry; JOY HARRIS, as parent and next friend of Montel Sudler;
ANGELNKUE BRYAN, as parent and next friend of Keyanna Bryan

v.

CITY OF DOVER; PFC PAUL KUNTZI, individually
and as agent of the City of Dover Police Department; PFC DAVID GIST, individually
and as agent of the City of Dover Police Department; PFC HARVEY JAKSCH,
individually and as an agent of the City of Dover Police Department

Mozell Hannah,

Appellant

_____

On Appeal From the United States District Court
For the District of Delaware
(D.C. Civ. No. 01-cv-00312)
Chief District Judge: Honorable Sue L. Robinson

_____

Submitted Under Third Circuit L.A.R. 34.1(a)
October 3, 2005

Before: ALITO, SMITH and COWEN, <u>Circuit</u> <u>Judges</u>

(Filed October 11, 2005)
_____

OPINION
_____

PER CURIAM

In November 2001, Appellant Mozell Hannah filed a complaint under 42 U.S.C. § 1983 alleging Fourth and Fourteenth Amendment violations against the City of Dover, Delaware, and three Dover Police Officers in the death of her son, Reginald Hannah. The District Court granted the Defendants' motion for summary judgment, from which Hannah now appeals. We will affirm the District Court's order because Hannah does not assert the deprivation of a constitutional right and raises no cognizable § 1983 claim.

I.

On the morning of March 9, 2001, State Police Corporal Robert Bishop stopped a vehicle driven by Glen Matthews. Matthews failed a field sobriety test and was placed under arrest. Meanwhile, Matthews' passenger, Reginald Hannah, emerged from the vehicle. Bishop offered Reginald a ride home. He accepted. Reginald got into the back seat of Bishop's car next to the handcuffed Matthews and asked to be driven to Capital Green, a Dover development. During the drive, Reginald showed no signs of violent, angry, or psychotic behavior. However, as they approached the development, Reginald suddenly grabbed Matthews by the neck and threatened him with violence. Bishop pulled over and attempted to remove Reginald from the car, but he resisted. Bishop then radioed for assistance. Dover Police Officers Gist, Kuntzi, and Jaksch arrived. Reginald had since exited the vehicle on his own but was still holding Matthews. The officers ordered Matthews released, at which point Reginald dropped his hold and charged toward the

2

officers. After a short struggle, Reginald was subdued, handcuffed, and carried to a squad car. He then collapsed on the seat. Bishop tried to sit him up, but to no avail. Reginald was pronounced dead at Kent General Hospital one hour later. An autopsy performed by the State Medical Examiner revealed that the cause of death was sudden cardiac arrest due to cocaine and ethanol induced excited delirium. Reginald was either thirty-eight or thirty-nine at the time of his death.[1]

Shortly thereafter, Mozell Hannah, acting individually and on behalf of Reginald's estate, along with a number of Reginald's other relatives, brought a counseled suit alleging Fourth and Fourteenth Amendment violations. Counsel withdrew in January 2002. Hannah then pursued the suit pro se. On October 22, 2002, the District Court dismissed all of the complaining parties with the exception of Mozell Hannah in her individual capacity. After two years of litigation, the Defendants again moved for summary judgment. The District Court granted the motion, concluding that Hannah failed to show that the City of Dover had in place a policy or custom that resulted in the death of her son, or that the police officers used excessive force.[2]

## II.

The first step in examining a claim brought under § 1983 is to "'determine whether

---

[1] The record reflects only that Reginald Hannah was born in 1962 and died in 2001.

[2] We have jurisdiction under 28 U.S.C. § 1291 and we exercise plenary review over the grant of a motion for summary judgment. See Wastak v. Lehigh Valley Health Network, 342 F.3d 281, 285 (3d Cir. 2003).

3

the plaintiff has alleged the deprivation of an actual constitutional right at all . . . .'"

Wilson v. Layne, 526 U.S. 603, 609 (1999) (quoting Connecticut v. Gabbert, 526 U.S. 286, 290 (1999)). "Section 1983 is not itself a source of substantive rights, but merely provides a method for vindicating federal rights elsewhere conferred." Albright v. Oliver, 510 U.S. 266, 271 (1994) (Rehnquist J., plurality opinion) (citation and internal quotations omitted). Thus, a plaintiff must adequately assert the personal deprivation of a right before she can pursue a suit under § 1983.

The District Court correctly concluded that a pro se non-lawyer parent may not represent the rights of a child in a suit brought before the federal courts, and must assert rights personally held by the litigant. See Collinsgru v. Palmyra Bd. of Educ., 161 F.3d 225, 231 (3d Cir. 1998). Neither Hannah nor the District Court expressly identified what constitutional deprivation Hannah has alleged. Based on her claims, we see two rights upon which Hannah could attempt to base her suit: (1) the due process liberty interest created by the parent-child relationship; and (2) the Fourth Amendment. We address each in turn.

A.    Parental-Child Relationship

In McCurdy v. Dodd, 352 F.3d 820 (3d Cir. 2003), we were faced with a case remarkably parallel to the current action. There, the Philadelphia Police shot and killed McCurdy's nineteen-year-old son during a routine traffic stop. McCurdy brought suit under § 1983 claiming that as a parent, he has a protected liberty interest in the

4

companionship of his son.  Id. at 825.  We recognized that the parent-child bond does create a liberty interest, the deprivation of which is actionable under § 1983, but held that the protection is limited to the relationship between a parent and a minor child.  Id. at 829-30.  We refused to extend the liberty interest in a child's companionship to a parent and his "independent adult child."  Id. at 830.  Similarly, Hannah has no liberty interest created by her relationship with her adult son.  She thus cannot assert a claim for damages for the deprivation of a right which is not conferred by the Constitution.

B.      Fourth Amendment

Fourth Amendment rights are personal and may not be asserted vicariously by third parties.  See Rakas v. Illinois, 439 U.S. 128, 133-34 (1978) (citations omitted).  Hannah attempts to assert Reginald's Fourth Amendment right to be free from unreasonable seizures.  However, Hannah herself has not been the recipient of an allegedly unlawful intrusion.  See Three Rivers Ctr. for Indep. Living, Inc. v. Hous. Auth. of the City of Pittsburgh, 382 F.3d 412, 422 (3d Cir. 2004) ("a personal right is necessary to the existence . . . of a right of action under § 1983.").[3]

For the foregoing reasons, Hannah fails to allege any deprivation of a constitutional right on which to premise her § 1983 suit.  The District Court's order

---

[3]  For similar reasons, Hannah cannot proceed pro se and assert a violation of equal protection on behalf of her son.  See O'Malley v. Brierley, 477 F.2d 785, 789 (3d Cir. 1973) (stating that a litigant may not assert the civil rights of others).  Nor does she allege that either the City of Dover or its officers treated her unequally.

granting the Defendants' motion for summary judgment will be affirmed.[4]

---

[4] Hannah also moves for sanctions for the Appellees' failure to serve a reply brief on Angelnkue Bryan. Bryan did not file a timely notice of appeal and is not party to this appeal. Thus, no service is required. See Fed. R. App. P. 4(a), 28(b). Even if we were to construe Bryan's participation statement as a properly filed notice of appeal, see Fed. R. App. P. 4(a)(3); L.A.R. 3.4, as stated above, a parent may not proceed pro se on behalf of a child. Accordingly, the motion for sanctions will be denied.